UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-01091 |
| ) | Judge Campbell |
| ROLAND COLESON, ) | |
| ) | |
| Respondent. ) | |

**M E M O R A N D U M**

Pending before the court is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee.

**I.     Introduction**

Petitioner John Hessmer has been charged with a combination of felony and misdemeanor crimes in Wilson County, Tennessee. In his instant petition for *federal habeas corpus* relief, the petitioner challenges certain rulings by the state courts during the course of the petitioner's pending state criminal proceedings, in particular an order entered by the Tennessee Supreme Court on August 1, 2011, directing the appellate court clerk to decline to accept for filing any papers regarding Mr. Hessler's criminal charges in Wilson County that have not been signed and submitted by his appointed defense counsel. Mr. Hessler believes that this order violates his constitutional right to self-representation. (Docket No. 1). From this court the petitioner seeks "relief of" the orders of the state courts "to allow this petitioner [the] right to self-representation and appellate review but petitioner would not object to his case being tried in federal forum." (*Id.* at p. 8).

## II. Review of Section 2254 Case

The purpose of a federal proceeding under § 2254 is to challenge "the judgment of a State court only on the ground that [the petitioner] is in custody in violation of the Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Accordingly, any relief "arising under section 2254" concerns the constitutionality of a state court conviction. *See Rittenberry v. Morgan,* 468 F.3d 331, 334 (6th Cir. 2006)(recognizing that "section 2254 limits the grounds for habeas relief to people in custody pursuant to a state court judgment.")

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S.

200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Upon preliminary review of the instant petition, the court notes that the petitioner has not been tried or convicted of the crimes of which he is accused; therefore, the petitioner cannot establish that he has exhausted his claims in state courts. Moreover, § 2254 limits the grounds for *habeas* relief to people in custody pursuant to a state court judgment. There is no state court judgment to challenge at this time. Further, the petitioner does not assert that his arrest was improper or that he is being detained unconstitutionally. Instead, he challenges the process by which is being tried in state court. Such a challenge does not merit *federal habeas* relief under § 2254.

Acknowledging that the prisoner is proceeding *pro se*, the court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

### III. Conclusion

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed without prejudice. However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed at this time.

An appropriate order will be entered.

*Todd Campbell*
Todd J. Campbell
United States District Judge