# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN ALLEN HESSMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-cv-01091 |
| ) | Judge Campbell |
| ROLAND COLESON, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

Pending before the court is a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate at the Riverbend Maximum Security Institution in Nashville, Tennessee.

The petitioner has been charged with a combination of felony and misdemeanor crimes in Wilson County, Tennessee. In his instant petition for *federal habeas corpus* relief, the petitioner challenges certain rulings by the state courts during the course of the petitioner's pending state criminal proceedings, in particular an order entered by the Tennessee Supreme Court on August 1, 2011, directing the appellate court clerk to decline to accept for filing any papers regarding Mr. Hessler's criminal charges in Wilson County that have not been signed and submitted by his appointed defense counsel. Mr. Hessler believes that this order violates his constitutional right to self-representation. (Docket No. 1). From this court the petitioner seeks "relief of" the orders of the state courts "to allow this petitioner [the] right to self-representation and appellate review but petitioner would not object to his case being tried in federal forum." (*Id.* at p. 8).

By order and accompanying memorandum entered on November 30, 2011 (Docket Nos. 5 and 6), the court conducted an initial review of the instant petition required under Rule 4, Rules – Section 2254 Cases, to determine whether "it plainly appear[ed] from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court." Under Rule 4, Rules–Section 2254 Cases, "[i]f, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id*.

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990). The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Upon preliminary review of the instant petition, the court noted that the petitioner has not been tried or convicted of the crimes of which he is accused; therefore, the petitioner cannot establish that he has exhausted his claims in state courts. Moreover, § 2254 limits the grounds for *habeas* relief to people in custody pursuant to a state court judgment. There is no state court judgment to challenge at this time. Further, the petitioner does not assert that his arrest was improper or that he is being detained unconstitutionally. Instead, he challenges the process by which is being tried in state court. Such a challenge does not merit *federal habeas* relief under § 2254.

Acknowledging that the prisoner is proceeding *pro se*, the court granted the petitioner thirty (30) days to show cause why his petition should not be dismissed without prejudice for failure to exhaust his state court remedies. (Docket No. 6).

The petitioner timely responded (Docket No. 11) to the court's order. However, the petitioner's response in no way rebuts the court's initial findings regarding exhaustion. (Docket No. 5). Thus, the court finds that the petition is premature as the petitioner has not fully exhausted the state court process at this time. Accordingly, his § 2254 petition is **DISMISSED WITHOUT PREJUDICE.**

Should the petitioner file a timely notice of appeal from this order, such notice shall be docketed as both a notice of appeal and an application for a certificate of appealability, 28 U.S.C. § 2253(c); Rule 22(b), Fed. R. App. P.; *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000), which will **NOT** issue because the petitioner has failed to make a substantial showing of the denial of a constitutional right as his § 2254 petition is premature. *Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002)(citing *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997) and *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001)).

Entry of this order constitutes final judgment in this case.

It is so **ORDERED**.

                                            Todd J. Campbell
                                            United States District Judge